UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENKEL OF AMERICA, INC.,

    Plaintiff,

v.

Case No. 2:17-cv-13909
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

CRAIG M. BELL and
KNIGHT CAPITAL PARTNERS
CORPORATION,

    Defendants.

_____/

## **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DE 25)**

### A. Background

Plaintiff initiated this lawsuit on December 5, 2017, alleging: (I) Breach of Noncompete Provision against Defendant Bell; (II) Breach of Nondisclosure Provision against Defendant Bell; (III) Breach of Contract Due to Bell's Violation of Henkel's Policies and Procedures on Confidential Information against Defendant Bell; (IV) Breach of Contract Due to Bell's Violation of Henkel's Policies and Procedures on Conflicts of Interest against Defendant Bell; (V) Breach of Fiduciary Duty of Candor and Loyalty Against Defendant Bell; (VI) Tortious Interference with Henkel's Contractual Relationship with Bell against

1

Defendant KCP; (VII) Aiding and Abetting Breach of Bell's Employment Agreement, Noncompete Provision, and Nondisclosure Provision with Henkel against Defendant KCP; (VIII) Aiding and Abetting Bell's Breach of His Fiduciary Duty to Henkel against Defendant KCP; and, (IX) Unjust Enrichment by Defendant Bell.

Discovery came to a close on July 30, 2018. (DE 22.)

### B. Instant Motion

Currently before the Court is Plaintiff's July 26, 2018 motion to compel the production of documents and the deposition of Craig Bell. (DE 25.) Defendants filed a response, and Plaintiff filed a reply. In addition, the parties filed a joint statement of resolved and unresolved issues. (*See* DEs 28-30, 32.)

Judge Lawson referred this motion to me, and a hearing was held on August 21, 2018, at which attorneys Shireen Anneke Barday and Jamie K. Warrow appeared in my courtroom. (DE 26, 27.)

### C. Order

Upon consideration of the motion papers and oral argument of counsel, and for all of the reasons stated on the record, which are incorporated by reference as though fully restated herein:

Based upon representations made in the declarations attached to Defendants' response, Plaintiff's reply, the joint statement of resolved and

unresolved issues, and statements made at the hearing, Plaintiff's motion to compel (DE 25) is **DENIED AS MOOT** to the extent it seeks the production of documents.

The motion is **DENIED on the merits** to the extent it seeks to again take the deposition of Craig Bell or extend the time limit of his deposition beyond the 7 hours already expended on April 24, 2018 in *Knight Capital Partners Corporation v. Henkel AG & Company, KGaA*, Case No. 2:16-cv-12022 (the related case a/k/a "KCP Litigation"), as Plaintiff has not made "every reasonable effort to schedule depositions so that witnesses whose testimony is relevant to both matters will be deposed only once." (DE 23 at 3 ¶ 3.) Among other things noted on the record: **(a)** Plaintiff knew or should have known of the June 2015 email and attached draft opinion letter (and of the need to seek unredacted versions and/or transmittal documents of the same, *e.g.*, emails to which they were attached) well prior to Craig Bell's April 24, 2018 deposition, because in May 2017 and October 2017, Knight Capital Partners produced redacted versions of the June 2015 email and attached draft opinion letter to Henkel KGaA in the "KCP Litigation" (*see* DE 28 at 11); **(b)** on April 30, 2018, Henkel KGaA produced to Knight Capital Partners an unredacted copy of the June 10, 2018 Nona/Kupko communication and draft opinion letter as part of a supplemental document production in the KCP Litigation (*Id.*), based upon an April 6, 2018 telephone conference request made by the

instant Plaintiff's counsel to the instant defense counsel, who then asked Mr. Kupko to search his personal emails (*see* DE 25-5), a request that Plaintiff could have diligently made much earlier; and, **(c)** Plaintiff's counsel admitted at the hearing that the need to seek unredacted copies of the opinion letter was known in the Winter of 2018, and certainly before Plaintiff chose to go forward with the Bell deposition and expend all 7 hours of its allotted time as set forth in Fed. R. Civ. P. 30(d)(1). The Court further notes that, on February 23, 2018, Judge Lawson found that "the proposal to allow the reuse of…document productions" from the KCP Litigation in the instant matter "will be likely to serve the interests of justice and to facilitate the just, speedy, and inexpensive resolution of these related cases[,]" and thus ordered that, "[t]he parties may use documents produced in the KCP Litigation in the [instant] Litigation." (DE 23 at 3-4.) Plaintiff's failure to do so is a problem of its own making. Notably, no one sought a greater amount of deposition time than 7 hours before the Bell testimony was taken, notwithstanding the Court's prior directives regarding discovery, and notwithstanding Plaintiff's pre-deposition awareness of the need to secure unredacted information. Additionally, Plaintiff could have filed the instant, July 26, 2018 motion to compel much earlier than it did, and could have asked this Court for relief in obtaining all unredacted versions, related transmittal documents and drafts of the opinion letter well before discovery was set to close; instead, Plaintiff did not do so until 4 days

before the July 30, 2018 discovery deadline. The scheduling order in this case makes clear that "[t]his Court will not order discovery to take place after the discovery cutoff date." (DE 22 at 2 ¶ E.)

Bearing mind Defendants' helpful breakdown of the extensive topics covered in Bell's 7 hour deposition on April 24, 2018 (*see* DE 28 at 13-16) − which satisfies the Court that a large part, if not the bulk, of the Bell deposition was directed to discovery in the instant matter − it seems apropos here to reiterate a previous observation of this Court:

> Indeed, it is not necessary to depose a person on every conceivable issue. For hundreds of years, attorneys have cross-examined witnesses without the benefit of a pretrial deposition, and have used their professional skills, thinking on their feet, to cross-examine witnesses on the often surprising information that comes out of their mouths on the stand.

*Logan v. MGM Grand Detroit Casino*, No. CV 16-10585, 2017 WL 896176, at *1 (E.D. Mich. Mar. 7, 2017) (Parker, J., *adopting report and recommendation of* Patti, M.J.).

Finally, Defendants' August 21, 2018 request for an award of expenses under Fed. R. Civ. P. 37 is **DENIED**, as "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Further, the motion was not denied *in toto* on the merits, one of the two issues being denied as moot, based, at least in part, on events subsequent to its filing.

Dated: August 23, 2018       s/Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 23, 2018, electronically and/or by U.S. Mail.

                             s/Michael Williams
                             Case Manager for the
                             Honorable Anthony P. Patti