UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENKEL OF AMERICA, INC.,

       Plaintiff,                                  Case Number 17-13909

v.                                               Honorable David M. Lawson

CRAIG M. BELL and KNIGHT CAPITAL
PARTNERS CORP.,

       Defendants.

_____/

## **ORDER DISMISSING COUNT V OF THE COMPLAINT AND DISMISSING THE CASE WITH PREJUDICE**

On December 17, 2018, the Court issued an opinion granting the defendants' motion for summary judgment and dismissing all of the plaintiff's claims except Count V of the complaint, which pleaded a claim for breach of fiduciary duty. The Court also ordered the parties to file supplemental briefs under Federal Rule of Civil Procedure 56(f) addressing "(1) which jurisdiction's substantive law governs Count V of the complaint; (2) what evidence in the record establishes that Craig Bell owed any fiduciary duty recognized under the applicable law; and (3) what evidence in the record establishes that the alleged damages comprising Bell's salary and benefits paid during 2014 were proximately caused by the alleged breach of duty." The Court has reviewed the parties' submissions and now concludes, for the same reasons stated in its prior opinion, that the breach of duty claim must be dismissed for want of any proofs in the record sufficient to establish the element of causation.

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627 (6th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the burden of showing that no genuine issues of material fact exist," and

it "must demonstrate the 'basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* at 627-28 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). To oppose that showing, "[t]he nonmoving party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "The reviewing court must then determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Ibid.* (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must "view the facts and draw all reasonable inferences in favor of the non-moving party." *Ibid.* (quoting *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Federal Rule of Civil Procedure 56(f) provides that "[a]fter giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The Court gave the parties notice of the pertinent issues in its opinion, and the order for supplemental briefing, and it allowed them to be heard on the questions now decided in their supplemental filings.

As an initial matter, the parties disagree on which state's substantive law should control the breach of fiduciary duty claim. The plaintiff contends that Delaware law should govern, because that is the state where the plaintiff is incorporated, and it is to the plaintiff that the alleged duty was owed. The defendants argue that the claim is governed by either Michigan or Connecticut substantive law. The result is the same under either regime, however, because, as with its other

claims, the plaintiff has failed to establish that any of the defendants' conduct proximately caused the losses that it alleges.

"In diversity cases [a federal court applies] the choice-of-law rules . . . of the forum state, which is Michigan in this case." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 409 (6th Cir. 2008). However, where there is no conflict in the governing principles from the several potential sources of law, the Court need not proceed further in the choice of law analysis, and simply may apply the uniform rule. *Ibid.* ("[W]e need not resolve the exact question of what Michigan's choice-of-law principles would indicate as the applicable standards of professional conduct because, for the issues we must address today, Michigan's standards of professional conduct are consistent with the other possible sources of law, making any asserted conflict of laws a false conflict."). In this case, there is no actual conflict of law, because under the law of every forum favored by the parties, causation is a required element of a cause of action for breach of fiduciary duty. *E.g.*, *In re Katy Indus., Inc.*, 590 B.R. 628, 639 (Bankr. D. Del. 2018) ("Generally, to survive a motion to dismiss [challenging a claim for breach of fiduciary duty], a plaintiff must sufficiently allege duty, breach, causation, and damages."); *In re Great Lakes Comnet, Inc.*, 588 B.R. 1, 15 (Bankr. W.D. Mich. 2018) ("Causation is a *prima facie* element for . . . claims of . . . breach of fiduciary duty . . . under Michigan law.") (citing *Cousineau v. Ford Motor Co.*, 140 Mich. App. 19, 363 N.W.2d 721 (1985)) (collecting cases); *Chioffi v. Martin*, 181 Conn. App. 111, 138, 186 A.3d 15, 32 (2018) ("The elements which must be proved to support a conclusion of breach of fiduciary duty are: (1) that a fiduciary relationship existed which gave rise to a duty of loyalty[,] an obligation to act in the best interests of the plaintiff, and an obligation to act in good faith in any matter relating to the plaintiff; (2) that the defendant advanced his or her own interests to the detriment of the plaintiff;

(3) that the plaintiff sustained damages; and (4) that the damages were proximately caused by the fiduciary's breach of his or her fiduciary duty.").

In its supplemental brief addressing the issue of causation, the plaintiff continues to advance the position that causation is established between the breach of a duty to disclose outside employment and resulting damages comprising defendant Bell's salary, bonuses, and benefits, because "[h]ad HOA known of Bell's breach of his fiduciary duties, HOA would never have paid any discretionary bonus covering the time of his misconduct, because Bell would have been terminated had HOA known of his deceptive conduct." However, the Court rejected that argument with respect to all of the other claims, because the cases on point uniformly have concluded that causation cannot be established for damages which merely comprise "ordinary compensation," absent some showing that the breach of duty materially inflated the type or amount of the compensation that was received. As one court explained:

> Here, the only enrichment alleged by plaintiffs consists of defendants' salaries, benefits, and unspecified bonuses. Plaintiffs have not pleaded that defendants' compensation during this period was of extraordinary magnitude, and have not cited any legal authority supporting the proposition that the mere retention of directors' and officers' ordinary compensation can sustain an unjust enrichment claim predicated on allegations that these defendants breached their fiduciary duties. In view, moreover, of this Court's dismissal of plaintiffs' proxy claims, there are no facts pleaded that indicate any causal relationship between the illegal marketing activities and defendants' ordinary compensation.

*In re Pfizer Inc. Shareholder Derivative Litig.*, 722 F. Supp. 2d 453, 465-66 (S.D.N.Y. 2010); *see also In re Capital One Derivative Shareholder Litig.*, 952 F. Supp. 2d 770, 783 (E.D. Va. 2013); *Marsteller v. ECS Federal, Inc.*, No. 13-593, 2013 WL 4781786, at *9-10 (E.D. Va. Sept. 5, 2013) (holding that the essential causal link could not be established for recovery premised on either unjust enrichment or breach of fiduciary duty, and the standard for establishing causation for a breach of contract claim is not materially distinguishable) (collecting cases).

The plaintiff also now argues that it was damaged when it incurred "thousands of dollars" in legal fees in the course of a discovery dispute in the related litigation in *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, No. 16-12022, after it discovered among the plaintiff's disclosures information about a confidential Henkel initiative referred to as "Project King," which defendant Bell allegedly wrongfully disclosed to his second employer, Knight Capital. However, it is evident that any legal fees incurred in the defense of a separate litigation by Henkel Germany — which is not a party to this case, and was not a party to Bell's contract of employment with Henkel America — proximately were incurred in the first instance due to the decision by Knight Capital to instigate that lawsuit, which involved claims against Henkel Germany for breach of contract and tortious interference with a business venture that had nothing to do with Bell's employment. That is far too attenuated a chain of events to permit a reasonable inference of proximate causation between the allegedly improper disclosure during Bell's tenure and legal fees incurred during a discovery dispute in a remote litigation between separate parties, which occurred long after he had resigned from Henkel. *Bozelko v. D'Amato*, 186 Conn. App. 278, 283, 199 A.3d 87, 91 (2018) ("[P]roximate causation, requires us to determine whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. That is, there must be *an unbroken sequence of events* that tied the plaintiff's injuries to the defendant's conduct." (emphasis added; quotations omitted)). The plaintiff has not identified any other way in which any economic interest it had in "Project King" directly and materially was diminished by the improper disclosure.

The plaintiff has failed to advance evidence sufficient to sustain the required element of causation for its breach of fiduciary duty claim, and the defendants therefore are entitled to judgment as a matter of law on Count V of the complaint. Because that is the sole surviving claim in the case, the Court will dismiss the case in its entirety.

Accordingly, it is **ORDERED** that Count V of the complaint is **DISMISSED**, and the case in its entirety is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: February 28, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI